UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIN S. CHHAN )
6404 Gildar Street )
Alexandria, VA 22310, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v. ) Civil Action No.: _____
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
HILTON HOTELS CORPORATION )
d/b/a/ Hilton Washington Hotel )
1919 Connecticut Avenue, N.W. )
Washington, DC 20009 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )
_____)

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. § 1446, Defendant Hilton Hotels Corporation invokes the jurisdiction of this Court under 28 U.S.C. §§ 1332 and 1441 and states the following grounds for removal:

1.　　On June 5, 2007, plaintiff instituted an action against defendant in District of Columbia Superior Court (Case No. 0003827-07). True and correct copies of the summons and complaint are Exhibit 1 to this Notice of Removal. There have been no other pleadings, process or orders served on defendant within the meaning of 28 U.S.C. §1446(a).

2.　　On June 11, 2007, plaintiff served defendant with a summons and copy of the complaint.

3. The complaint caption shows plaintiff is a resident of Virginia. Defendant Hilton Hotels Corporation is incorporated in Delaware and has its principal place of business in California. The amount in controversy exceeds $75,000.

4. Defendant has not served any answer or responsive pleading to plaintiff's complaint or made any appearance or argument before the District of Columbia Superior Court.

5. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction in this action based on the diversity of the parties and the amount in controversy. This action may be removed to this Court under 28 U.S.C. § 1441.

6. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by plaintiff or conceding plaintiff has pled claims upon which relief can be granted.

7. This Notice is filed with this Court within thirty (30) days after defendant received the complaint upon which this action is based and before any proceedings were had in the District of Columbia Superior Court.

8. Contemporaneously with this filing, defendant is filing a Notice of Filing of Notice of Removal with the Clerk of the District of Columbia Superior Court. Defendant is giving written notice of this removal to plaintiff.

WHEREFORE, defendants request this action be removed from the District of Columbia Superior Court.

                        Respectfully submitted,

                        **JACKSON LEWIS LLP**

Date:   June 29, 2007           By: _/s/ John M. Remy_____
                                             John M. Remy, D.C. Bar No. 461244
                                             8614 Westwood Center Drive
                                           Suite 950
                                           Vienna, VA  22183
                                           Ph.  (703) 821-2189
                                           Fax: (703) 821-2267

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on June 29, 2007, a copy of the foregoing *Notice of Removal* was mailed, first-class mail, postage prepaid, to:

Jonathan L. Gould
Kestell & Associates
1012 14th Street, NW
Suite 630
Washington, DC 20005

Counsel for Plaintiff

_____
John M. Remy

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Kin S. Chhan

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Alexandria, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James L. Kestell
Kestell & Associates
209 Midvale Street
Falls Church, VA 20246

## DEFENDANTS

Hilton Hotels Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

John M. Remy, Esq.
Jackson Lewis LLP
8614 Westwood Center Drive - Suite 950
Vienna, VA 22182

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* 2255 | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ● 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Removal under 28 U.S.C. Section 1332, 1441, 1446. Cause of action is for employment discrimination under D.C. Section 2-1401.01 et. seq.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 6/29/07    SIGNATURE OF ATTORNEY OF RECORD *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

---

KIN S. CHHAN
6404 Gildar Street
Alexandria, VA 22310

Civil Action No.

0003827-07

    Plaintiff,
v.

Calendar
Judge

Hilton Hotels Corporation
d/b/a/ Hilton Washington Hotel
1919 Connecticut Avenue, N.W.
Washington, DC 20009

Complaint

    Defendant.

RECEIVED
Civil Clerk's Office
JUN 0 5 2007
Superior Court of the
District of Columbia
Washington, D.C.

---

## COMPLAINT

1. Plaintiff brings this action under The D.C. Human Rights Act, D.C. Code Sec. 2-1401.01 to 2-1411.06, against his former employer for terminating him for discriminatory reasons based on his race (Chinese/Asian) and national origin (Cambodia). Plaintiff was terminated based on trumped up charges by coworkers that he had made inappropriate remarks in the workplace. However, Defendant intentionally did not seriously investigate the long history of taunting and demeaning remarks made to Plaintiff by some of these same coworkers and the pattern of discrimination against him dating back several years.

2. Jurisdiction of this Court is provided pursuant to D.C. Code Sec. 2-1403.16 and 11-921 (1981) since defendant does business in D.C., plaintiff worked in this jurisdiction and the acts complained off took place in this jurisdiction.

3. Venue is appropriate since defendant does business in D.C., plaintiff worked in this jurisdiction and the acts complained off took place in this jurisdiction.

1

## PARTIES

4. Plaintiff, Kin Chhan, resides with his family in Alexandria, VA.

5. Defendant, Hilton Hotels Corporation, is a for profit company which offers hotel, conference and banquet services to the general public. Defendant does business in the District of Columbia under the name of the Hilton Washington Hotel. The defendant has several hundred employees working at 1919 Connecticut Avenue, NW, Washington, DC.

## FACTS

6. Plaintiff is a 47 year old single Chinese male who was born and raised in Cambodia. He immigrated to this country in June 1980 and is a US citizen. Plaintiff has been determined to have a low IQ (verbal 59; performance 87) but is very capable at performing manual labor tasks.

7. Plaintiff worked with Defendant for more than 23 years. He started as a busperson in the restaurant in 1983, was promoted to restaurant waiter 3 years later and was promoted to banquet waiter in 1995, which is the position he held up to the time of his termination in July 2006. Plaintiff performed his job duties well and received regular pay increases. Like other employees, Plaintiff was occasionally disciplined for minor offenses.

8. In the two years prior to his termination, coworkers of Plaintiff began taunting him as a "Chino", "Chinese with chinky eyes", "lazy Chinese", "cheap Chinese", "Marikon" (referring to being a homosexual). Plaintiff complained to his Banquet Manager, Kevin O'Shea, and the Defendant's human resource office about the taunting

and discriminatory treatment on at least two prior occasions, but Defendant did not do an investigation and took no action against the employees doing the taunting.

9. In March 2006, Defendant issued Plaintiff a 5-day suspension relating to an incident that occurred on March 5, 2006 for allegedly threatening physical violence to a coworker, Mustpha Allame. However, Plaintiff did no more than verbally object to being assigned tasks that were the responsibility of Mr. Allame to perform. Had Plaintiff threatened Mr. Allame in the manner that he was charged, he would have been escorted off the premises immediately. Plaintiff was not even notified of the allegations until later in the evening, after he finished performing the work that was the subject of the dispute. Although Mr. Allame participated in the discussion no less vigorously than Plaintiff, he was not disciplined at all.

10. On July 19, 2006, Plaintiff was alleged to have been observed talking aloud about his ability to have intercourse with women. When questioned about the offensive comments, Plaintiff asserted that coworkers were constantly taunting him and they did again earlier that morning. Defendant investigated the allegations against Plaintiff, but did not investigate Plaintiff's allegations about other employees taunting him.

11. Defendant initially suspended Plaintiff for the July 19, 2006 incident pending their investigation. However, he was notified that he was terminated on July 26, 2006.

12. Plaintiff maintains that his termination was discriminatorily motivated. Plaintiff's brother reported to human resources the taunting that he observed earlier that morning as the two were entering the kitchen area together. The coworker, Hernan Vasquez, referred to plaintiff as a motherf---er as the coworker left the kitchen and Plaintiff was entering the kitchen. Plaintiff was upset about these comments and earlier

taunting comments made by the same coworker, when he was referred to as a marikon (homosexual) and a thief. Plaintiff may have made some remarks out loud, but they were not directed at anyone in particular.

13. Defendant's one sided investigation of the incident was motivated by Plaintiff's race and national origin. Other employees, who were not Chinese, who engaged in much more egregious conduct against Plaintiff and who openly referred to him in the raunchiest of terms, were not disciplined, even though they were openly taunting him.

14. Plaintiff suffered greatly from being terminated. In addition to losing his means of making a living, Plaintiff suffered from anxiety, depression, humiliation and loss of self esteem. Plaintiff has struggled to find suitable employment since his termination.

15. Plaintiff's position was filled by a newly hired employee who was not Chinese.

## CLAIMS

### DEFENDANT VIOLATED THE D.C. HUMAN RIGHTS ACT BY DISCRIMINATING AGAINST PLAINTIFF BECAUSE OF HIS RACE AND NATIONAL ORIGIN

16. Defendant was motivated in firing Plaintiff because of his race and national origin. Defendant offered pretextual reasons for firing Plaintiff in order to conceal their true motivation.

17. Defendant's actions violated the D.C. Human Rights Act, D.C. Code 2-1401.01 to 2-1411.06.

18. Defendant's actions were taken willful and/or reckless disregard of Plaintiff's rights under the DC Human Rights Act.

## REMEDY REQUESTED

WHEREFORE, Plaintiff requests this court to grant him the following relief:

1. Direct Defendant to reinstate Plaintiff to his former position and make him whole for all lost wages and benefits;

2. Direct that Defendant compensate Plaintiff for pain and suffering damages that he suffered because of their discriminatory conduct.

3. Direct that Defendant pay Plaintiff for punitive damages for their intentional discrimination against him.

4. Direct Defendant to pay pre and post judgment interests on the amounts determined to be owed to Plaintiff because of the prior requests.

5. Direct that Defendant compensate Plaintiff's attorneys for reasonable attorneys fees and reimburse Plaintiff for costs that he incurred in being forced to bring this action to secure his rights against discrimination;

6. Direct such other relief as is required to make Plaintiff whole and to carry out the remedial relief provisions of the statute;

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues to which he is entitled to a jury trial under law.

Respectfully submitted,

/s/JAMES L. KESTELL
James L. Kestell
DC Bar # 955310
KESTELL & ASSOCIATES
209 Midvale Street
Falls Church, VA 20246
(703) 237-2921
(703) 237-4321
email jlkestell@cox.net

/s/ JONATHAN L. GOULD
Jonathan L. Gould
DC Bar # 491052
KESTELL & ASSOCIATES
1012 14TH Street, NW, Suite 630
Washington, DC 20005
(202) 347-3889
(202) 347-4482
email jgould@igc.org