UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIN S. CHHAN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civ. No.: 1:07cv01180 (HHK) |
| | ) ) ) |
| HILTON HOTELS CORPORATION, | ) ) ) |
| Defendant. | ) ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Hilton Hotels Corporation ("Hilton") hereby answers plaintiff's complaint. Any allegation not explicitly admitted below is hereby denied.

1.  Defendant admits plaintiff purports to bring this action under the listed statutes but denies the allegations in paragraph 1 and denies any liability or unlawful activity.

2.  Defendant admits it does business in D.C. and plaintiff worked in D.C. Defendant denies any unlawful activity. The remaining allegations in paragraph 2 are legal conclusions to which no response is required.

3.  Defendant admits it does business in D.C. and plaintiff worked in D.C. Defendant denies any unlawful activity. The remaining allegations in paragraph 3 are legal conclusions to which no response is required.

4.  Defendant is without sufficient information to form a belief as to the allegations in paragraph 4.

5.   Defendant admits the allegations in paragraph 5.

6.   Defendant is without sufficient information to form a belief as to the allegations in paragraph 6.

7.   Defendant admits plaintiff began his employment with defendant as a bus person in the restaurant and was promoted to banquet waiter in 1995, which is the position he held until his termination. Defendant also admits plaintiff received regular pay increases and was disciplined during his employment with defendant. Defendant denies the remaining allegations in paragraph 7.

8.   Defendant denies the allegations in paragraph 8.

9.   Defendant admits plaintiff was issued a 5-day suspension in March 2006 for threatening physical violence against coworker Mustapha Allame on March 5, 2006 and Mr. Allame was not disciplined for this incident. Defendant denies the remaining allegations in paragraph 9.

10.  Defendant admits it investigated complaints that on July 19, 2006, plaintiff was overheard talking loudly about his ability to have intercourse with women. Defendant denies the remaining allegations in paragraph 10.

11.  Defendant admits plaintiff was suspended for the July 19, 2006 incident pending defendant's investigation. Defendant further admits plaintiff was terminated. Defendant denies the remaining allegations in paragraph 11.

12.  Defendant denies the allegations in paragraph 12.

13.  Defendant denies the allegations in paragraph 13.

14. Defendant is without sufficient information to form a belief as to the allegations in paragraph 14. To the extent that unlawful activity is implied, defendant denies the allegations.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

### REMEDY REQUESTED

WHEREFORE, defendant denies plaintiff is entitled to any damages or relief for any and all counts, including the relief requested in subparagraphs 1-6.

### JURY DEMAND

No response is required to plaintiff's demand for a jury trial.

### AFFIRMATIVE DEFENSES

As affirmative defenses to the complaint, defendant alleges as follows:

#### First Defense

The complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

#### Second Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, election of remedies, failure to exhaust administrative remedies, and / or jurisdictional prerequisites to suit.

#### Third Defense

Plaintiff's claims for damages are barred or reduced by his failure to mitigate the alleged damages or by his mitigation of such damages.

### Fourth Defense

At all times relevant hereto, defendant acted in good faith and took reasonable steps, including training, to ensure its employees acted in good faith toward plaintiff and did not violate any rights that may be secured to plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

### Fifth Defense

Any and all actions taken by defendant with respect to plaintiff's employment or the terms and conditions thereof were based upon legitimate nondiscriminatory business reasons.

### Sixth Defense

Plaintiff's claims are barred and/or recovery of damages is precluded due to plaintiffs' own misconduct that may be revealed during the discovery process (after-acquired evidence doctrine).

### Seventh Defense

All or a portion of plaintiff's claims are barred by estoppel, release, laches, set-off, or waiver.

### Eighth Defense

Plaintiff's claims are barred and/or recovery of damages is precluded because defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

### Ninth Defense

Plaintiff's claims are barred and/or recovery of damages is precluded because the plaintiff unreasonably failed to take advantage of defendant's preventive or corrective opportunities or otherwise avoid harm.

WHEREFORE, defendant requests that the Court dismiss plaintiff's complaint and award defendant fees and costs.

Respectfully submitted,

**JACKSON LEWIS LLP**

July 9, 2007

by: /s/ John M. Remy
John M. Remy (D.C. Bar No.461244)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Direct Dial: (703) 821-2189
Fax: (703) 821-2267
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on July 9, 2007 copy of the foregoing *Answer to Plaintiff's Complaint* was filed electronically through the Court's ECF system and mailed, first-class mail, postage prepaid, to:

James L. Kestell
Jonathan L. Gould
Kestell & Associates
1012 14th Street, NW
Suite 630
Washington, DC 20005
*Counsel for Plaintiff*

                                                    /s/ John M. Remy