UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIN S. CHHAN,<br><br>        Plaintiff,<br><br>v.<br><br>HILTON HOTELS CORPORATION,<br><br>        Defendant. | Civ. No.: 1:07cv01180 (HHK) |

### JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Kin S. Chhan and Defendant Hilton Hotels Corporation, by and through their undersigned counsel, hereby move for a Protective Order protecting confidential and proprietary information to be exchanged during discovery, mediation and trial in the above-captioned cause. The Parties have negotiated the attached Stipulated Protective Order and consent to its entry in this case.

In support of good cause the Parties aver that the information to be treated as confidential is limited to confidential information concerning Defendant's employees, confidential commercial information, or proprietary information concerning the parties to this action. The Parties have agreed to the limited access provisions in paragraph 6 of the Stipulated Protective Order as an effective means of minimizing discovery disputes between them regarding the confidentiality of information and enabling the flow of

relevant and non-privileged information. The Parties believe that entry of the Stipulated Protective Order will facilitate discovery and the resolution of issues in the case.

The Parties hereby respectfully request that the Court enter the Stipulated Protective Order in the above-captioned case.

October 31, 2007

Respectfully submitted,

**JACKSON LEWIS LLP**

By: /s/
John M. Remy (D.C. Bar No.461244)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Phone: (703) 821-2189
Fax: (703) 821-2267
*Counsel for Defendant*

**KESTELL & ASSOCIATES**

By: /s/
James L. Kestell (D.C. Bar No.955310)
Jonathan L. Gould (D.C. Bar No.491052)
209 Midvale St.
Falls Church, VA 22046
1012 14th Street, NW Suite 630
Washington, DC 20005
(703) 237-2912
(202) 347-4481
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIN S. CHHAN,<br><br>        Plaintiff,<br><br>v.<br><br>HILTON HOTELS CORPORATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civ. No.: 1:07cv01180 (HHK) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federals Rules of Civil Procedure, Plaintiff Kin S. Chhan and Defendant Hilton Hotels Corporation, through counsel, agree that the following Protective Order be entered.

1. This Order governs the disclosure and use of confidential information concerning Defendant's employees, confidential commercial information, or proprietary information concerning the parties to this action ("Confidential Information").

2. The parties, by their respective counsel, may designate documents; interrogatory answers; information contained on or in computer disks, diskettes, tapes, chips, modules, and cassettes; and testimony that they regard to be Confidential Information, by marking them "Confidential" on their face or cover, by so designating them in writing to opposing counsel within a reasonable time during or after production, or by so designating them orally at deposition on the record. Such documents and testimony shall be treated as protected under this Order unless and until the parties, by counsel, agree otherwise in writing or unless this Court

rules that the documents and testimony in question will not be protected under this Order because they do not constitute Confidential Information.

3. If a party disagrees with the opposing party's designation of any documents or testimony as Confidential Information, the disagreeing party may challenge such designation in writing to the party, and if the parties are unable to agree, may then file a motion with this Court challenging this determination. This paragraph shall in no way alter the burden on the party claiming protection to prove its entitlement to the claimed protection on documents.

4. No party shall designate any material as protected absent a good faith belief that the material is within the intended scope of this Order.

5. Confidential Information shall be used solely for purposes of this lawsuit and for no other purpose. Confidential Information, including all copies, shall be returned to counsel for the party providing it within 30 days after this lawsuit has finally terminated, including any time for appeal, along with a statement by counsel that all such information has been returned and all copies or extracts containing such information have been destroyed.

6. Confidential Information shall only be disclosed to the parties; their counsel; staff under counsel's supervision; experts or consultants who agree to be bound by this Order; court reporters who agree to be bound by this Order, jurors, court personnel and to the Court. Confidential Information regarding Defendant's employees or former employees, in which all identifying information other than race or national origin has been redacted, may be disclosed to Plaintiff's brother, San Chhan. Confidential Information may also be introduced as evidence subject to the procedures below for submission to the Court. Counsel intending to offer Confidential Information to the Court as evidence or otherwise shall ensure that, before disclosing Confidential Information to any person other than the Court, court personnel, and jury

members, such person is first provided with a copy of this Order and agrees to be bound by it. Confidential Information offered to the Court shall be submitted in a sealed envelope with the outside marked with the caption of the case, a schedule of the contents of the envelope, and the notation "Confidential - Submitted Under Seal - Subject to Protective Order."

7. Inadvertent disclosure of Confidential Information during discovery, without then designating it as such, shall be without prejudice to any claim that the material is Confidential Information, and no party shall be held to have waived any rights to future treatment of such material as Confidential Information by such inadvertent disclosure unless the Court determines otherwise. Any document or information so produced and subject to a subsequent claim that it is Confidential Information shall, after notice of the claim that it is Confidential Information, be treated as such, subject to the procedures in paragraph 3 of this Order for challenging the claim that the material is Confidential Information.

8. Nothing in this Order shall preclude any party from opposing production of any documents or information for any reason other than that it is Confidential Information or from seeking further or different relief should future pretrial activities indicate such need.

9. All briefs, memoranda of law, pleadings, portions of transcripts, documents and materials filed with the Court which contain documents or information designated "Confidential Information" under this Protective Order shall be served upon opposing counsel or party and shall be filed in two versions, "Version One" and "Version Two." Version One shall redact only the specific information designated as Confidential and shall be filed on the public record. Version Two shall contain no redactions and shall be filed with the Clerk's Office under seal, with one courtesy copy sent to Judge Henry H. Kennedy's chambers.

Agreed to this 29th day of October, 2007.

Respectfully submitted,

JACKSON LEWIS LLP

Respectfully submitted,

**JACKSON LEWIS LLP**

October 29, 2007

by: /s/_____
John M. Remy (D.C. Bar No.461244)
Kara M. Ariail (D.C. Bar No.478718)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Direct Dial: (703) 821-2189
Fax: (703) 821-2267

*Counsel for Defendant*

And

KESTELL & ASSOCIATES

By: /s/_____
James L. Kestell (D.C. Bar No. 955310)
Jonathan L. Gould (D.C. Bar No. 491052)
1012 14th Street, NW
Suite 630
Washington, DC 20005
Phone: (703)237-2912
Fax: (202) 347-4481

*Counsel for Plaintiff*

IT IS SO ORDERED, this _____ day of October, 2007

_____
The Honorable Henry H. Kennedy

4