# KIN CHHAN DEPOSITION

# EXHIBIT 1

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST**

**SET OF INTERROGATORIES TO PLAINTIFF**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIN S. CHHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )     Civ. No.: 1:07cv01180 (HHK) |
| | ) |
| | ) |
| HILTON HOTELS CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

## INTERROGATORIES

### INTERROGATORY NO. 1:

State your full name, current address, all addresses for the past ten years, date of birth, place of birth, marital status, citizenship, immigration status, driver's license number, and social security number.

RESPONSE:   Kin San Chhan, 6404 Gildar St., Alexandria, VA 22310;   I have lived at this address for more than 10 years; dob is 7/16/59;   Battambang, Cambodia; single;   U.S. citizen; N/A, driver's license # is  T61467919, VA license;   SSN 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



Exhibit
10/30/07
BROWN & GALLO

1

**INTERROGATORY NO. 2:**

Identify all persons who assisted you in the preparation of the answers to these interrogatories and all sources of information, including all documents or persons consulted or relied upon in the preparation of these answers.

RESPONSE:   My attorney, listed below and my brother Feung San Chhan.

**INTERROGATORY NO. 3:**

Identify each person known to have knowledge of facts or matters relating to any allegation in the complaint or that support, evidence, prove or relate to your contentions in this litigation and for each such person include a detailed description of the facts known to that person.

1. Feung San Chhan--Was present during the 7/19/06 incident and witnessed coworker Herman Vasquez call me derogatory names as I was entering the kitchen that day and Mr. Vasquez had frequently called me thief, "maricon" and similar derogatory names prior to that.

2. Mustafa Aboulhouda--Coworker who also entered kitchen with my brother and should have heard same provocative comment;  he was also present when Vasquez and others made provocative derogatory remarks to me.

3. Rosa  Rosario was said to have been involved in reporting me to human resources, so she may have some information that is relevant.

4. James Hunt, retired but occasionally still works for various events, also witnessed Mr. Vasquez frequently refer to me as being a gay, not having a girlfriend,

eating too much, etc.  He was not working 7/19/06, but knows of many other occasions where Mr. Vasquez made similar remarks.

5.  Greg Hinds, Supervisor of Banquet, is familiar with employees and supervisors who were treated much more favorably, even after committing very serious offenses, including a recent incident involving a beverage department manager (Michael Mintz) being found drunk by a security guard on premises to the point he could not walk and got into a fight with the security guard.

6.  Charlie Ragusa, Senior Team Captain, was not terminated despite getting into a physical altercation with another manager, Mr. Atla Akililu, to the point where he was observed choking Mr. Akililu.

**INTERROGATORY NO. 4:**

Identify each and every educational institution attended or programs of study in which you participated for any purpose whatsoever, and state the dates of attendance, whether you received a degree, certificate or similar accreditation, and the nature and the date of the degree, certificate or similar accreditation.

RESPONSE: I finished Chinese Junior High School (Ming Chung Junior High School, unclear about spelling because done in Chinese Characters).   Attended this school from 1967 through 1973.    Received a certificate at the time, but has been lost. Unable to get another certificate because this was during the Communist takeover and all records were destroyed.

## INTERROGATORY NO. 5:

Provide the names and addresses of all your employers for the past ten years and the dates and the nature of your employment by each such employer, including job title, job duties and responsibilities, salary or wage rate, name of supervisor, and the reason for leaving such employment.

RESPONSE:   Hilton Washington was my employer for the past 23 years.

## INTERROGATORY NO. 6:

State whether you have obtained statements, reports, memoranda, affidavits, or recordings from any person that in any way concern the facts of the case or the matters alleged in your complaint.  If your answer is in the affirmative, identify the author of each such statement, report, memorandum, affidavit, or recording; the person or persons to whom the statement, report, memorandum, affidavit, or recording was issued, distributed, or otherwise produced; the present location of each such statement, report, memorandum, affidavit, or recording; and the date each statement, report, memorandum, affidavit, or recording was prepared.

RESPONSE:    I have not obtained any statements, although my attorney has talked to several Hilton Washington employees.

**INTERROGATORY NO. 7:**

Name all experts you have retained or specially employed to provide expert testimony in this case.

RESPONSE:  I am not planning to call an expert.

**INTERROGATORY NO. 8:**

State the subject matter on which an expert whom you propose to call as a witness at trial will testify, including the substance of all facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

RESPONSE:  Not applicable.

**INTERROGATORY NO. 9:**

Describe in detail each job or position you held for the entire period of your employment with Hilton, including job title, job duties and responsibilities, and rates of pay, and any other compensation or remuneration received in connection with each job or position, and any other benefits you received in connection with each job or position.

RESPONSE:   I started as a restaurant busperson in 3/13/83 and three years later was promoted to restaurant waiter.   Worked for about 9 years as restaurant waiter and then promoted to banquet waiter in 1995.   I have worked in that capacity till my termination.

## INTERROGATORY NO. 10:

Identify each supervisor or manager who supervised the work that you performed during your employment with Hilton and each employee who at any time reported to you or whom you supervised during your employment with Hilton, and describe your employment relationship with each.

RESPONSE: Restaurant Manager William (first name can't recall) first 2 years of employment; Pat Skeens was Assistant Manager under William until 1995; Banquet Manager Jorge Pulle assigned me to the Banquet Server position in 1995 until his retirement in 2003; Assistant banquet manager, Richard Andrekanic (from 1995 to approx 2000); Assistant banquet manager Oscar Zan (phonetic) from 2000 to 2003); Banquet Manager Kevin O'Shea (2003 to termination); Assistant banquet manager Chuck Atkins (2004 to termination); Banquet Captain Charlie Ragusa (from 1995 to termination; Annie Adam (1995 to termination); Greg Hinds (1995 to termination) Lolo Villagomez (1995 to termination) David Vagar (1995 to termination); Angelica Rojos (1995 to termination).

## INTERROGATORY NO. 11:

Identify all persons referred to as "coworkers" and "employees doing the taunting" in paragraph 8 of the complaint.

RESPONSE: Hernan Vasquez on 7/19/06. Charley Ragusa would call me "cheap Chinese", "lazy Chinese", he would call me "fried lice" or "egg loll". David Vagar would call me "Chino", "lazy Chinese", "dumby" "like a kid, a dumby".

**INTERROGATORY NO. 12:**

Identify all persons who you know or have reason to believe witnessed the events described in paragraph 9 of the complaint.

RESPONSE: The only possible witnesses would be myself, Mr. Allame, my brother, Feung San Chhan and Captain Lolo Villagomez. Mr. Eroll Spence was Mr. Allame's boss and according to my brother, he was one urging Mr. Allame to calm down when he was later fussing about me having bothered him.

**INTERROGATORY NO. 13:**

Identify all persons referred to as "coworkers" in paragraph 10 of the complaint.

RESPONSE: Myself; my brother, Feung San Chhan, and Mustafa Aboulhouda, witnessed Mr. Vasquez making derogatory comments ("I hate this motherfucker"); I have identified other coworkers who made similar derogatory remarks in response to Interrogatory 11 above.

**INTERROGATORY NO. 14:**

Identify all persons who you know or have reason to believe witnessed the events described in paragraph 12 of the complaint.

RESPONSE: My brother and Mr. Mustafa Aboulhouda are the only witnesses that I know of regarding this event of Mr. Vasquez making the remark as we were entering the kitchen together.

**INTERROGATORY NO. 15:**

Identify all persons referred to as "other employees" in paragraph 13 of the complaint.

RESPONSE: Mr. Hernan Vasquez and the others identified in response to Interrog 11 above who repeatedly sought to provoke me by using belittling remarks to me.

## INTERROGATORY NO. 16:

Identify the "newly hired employee" referred to in paragraph 15 of the complaint.

RESPONSE: I don't know for sure that anybody was hired on a permanent basis. However, my position would still be filled by backup waiters, all but one of who are non-Chinese.

## INTERROGATORY NO. 17:

Identify each job or prospective job, temporary or permanent, full-time or part-time, whether an employee, independent contractor or self-employed, that you applied for during the time period from July 26, 2006 to the present, and for each job or prospective job state whether an offer of employment was made, whether the offer was accepted by you and, if not, all reasons why you declined the offer.

RESPONSE: I am providing a list herewith of the places and dates that I applied for work.

**INTERROGATORY NO. 18:**

State whether you have been a party or given sworn testimony in any other litigation. If your answer is in the affirmative, identify each lawsuit in which you have been a party or given sworn testimony, including: the court, the style of the case, the case number, all parties involved and the names and phone numbers of the attorneys involved (if you were a party, state the outcome of the litigation), and identify all related documents.

RESPONSE:   I only gave testimony during my unemployment hearing, and I was awarded benefits following the hearing.

**INTERROGATORY NO. 20[sic, because was not a 19]:**

Identify each and every instance in which you have been arrested for or convicted of any offense other than a minor traffic violation, including but not limited to the nature of the charge, the allegations, the date, the state in which the arrest or conviction occurred, and the outcome, and identify all related documents.

RESPONSE:   I have never been arrested for anything but minor traffic violations.

**INTERROGATORY NO. 21:**

Describe with specificity the factual basis for, and itemize the precise amount of, any damages you claim to have suffered as a result of any alleged acts or omissions engaged in by Defendant. Your description should include each element of damage or

component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and the source of each number used in the calculation.

RESPONSE:  I am losing about $60,000 -$65,000 per year from being terminated by the Hilton, plus whatever the value of my benefits.  I have earned about $9034 working in positions since my termination.   I have therefore lost approximately $75,000 to date, plus the value of health and pension and other benefits.

I am claiming $100,000 in compensatory damages, for the tremendous amount of pain, suffering and humiliation I was subjected to by my termination.

I am claiming reasonable attorneys fees and costs,  approximately $15,000 to date and continuing to rise.

## INTERROGATORY NO. 22:

Identify each doctor, medical or health care provider, social worker or other mental health professional with whom you have consulted in connection with any anxiety, depression, humiliation, loss of self esteem or any other injuries you allege to have experienced as a result of the conduct alleged in the complaint, and for each such person identify the date or dates upon which you visited that person, the address of that person, the specialty or type of practice of that person, the reason you visited each person, the diagnosis, any treatment prescribed, and the prognosis.

RESPONSE:      I have been treated by Paul Fedio, Ph.D, Clinical Neuropsychology, 9408 Raintree Road, Burke, VA 22015.  703-426-7246 for medical

and psychological testing and help.    He recommended further psychotherapy, but I lost my insurance benefits and only was able to afford continuing COBRA for 2 months.

## INTERROGATORY NO. 23:

State whether you applied for unemployment compensation, workers' compensation benefits or any other disability benefits before, during, or after the end of your employment with Hilton.  If so, identify each agency, the date of the application, the amount of the benefit paid, and the period of time the benefit was paid.

RESPONSE:  I did apply for unemployment benefits from the DC Office of Employment Services shortly after my termination and was awarded benefits.   I believe that I received about $13, 005 in benefits following my termination.   I have not applied for any workers compensation benefits or disability benefits.

I have carefully reviewed the above responses to interrogatories and swear that my answers are true and correct under penalty of perjury.

Kin San Chhan    August 30, 2007

Respectfully submitted,

FOR THE PLAINTIFF,
James L. Kestell   DC 955310

11

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing responses on counsel for the

defendant at the following address this date by regular, first class mail.

> John M. Remy (D.C. Bar No.461244)
> Kara M. Ariail (D.C. Bar No.478718)
> 8614 Westwood Center Drive; Suite 250
> Vienna, Virginia 22182

KIN CHHAN DEPOSITION

EXHIBIT 4

RECEIPT AND ACKNOWLEDGEMENT

OF TEAM MEMBER HANDBOOK

## WASHINGTON HILTON & TOWERS
## RECEIPT AND ACKNOWLEDGEMENT
## OF TEAM MEMBER HANDBOOK

I, **KIN CHHAN** , (print name) have received a copy of **THE TEAM MEMBER HANDBOOK**, have reviewed it, and understand and agree to be bound by its contents.

I have had an opportunity to ask questions regarding Hotel policies and procedures. I accept that if I do not understand Hotel policies or the content and policies and regulations of this Handbook, it is my responsibility to obtain clarification from my supervisor or Human Resources on any matter which I do not understand. I acknowledge that the regulations, policies, and provisions of this **TEAM MEMBER HANDBOOK** may be changed, modified, or deleted at any time. I acknowledge that individual department rules and standards are to be complied with in addition to the standards contained in this Handbook.

In accepting employment with the **WASHINGTON HILTON & TOWERS**, I understand that I shall be on a minimum introductory period of 30 days. During this period it may be determined that my continued employment is not in the Hotel's best interest and a decision may be made to terminate my employment at any time. I acknowledge and agree that neither this Handbook nor any other communications regarding my employment at the **WASHINGTON HILTON & TOWERS** by a management representative is intended or implied to in any way create an impression of contract or of permanent employment.

I further understand that, unless I am represented by a labor union, my employment is at-will and may be terminated with or without cause, with or without notice, and that this at-will relationship may not be modified except by an express writing of authorized Hilton management. Union-represented team members are governed by the applicable collective bargaining agreement.

_Kim Sam Chhan_                         4.3.98

Team Member Signature                   Date

_Banquet_
Department

Last Revised 10/97

Exhibit
4
10/30/07
BROWN & GALLO

93

HHC-0100

# KIN CHHAN DEPOSITION

# EXHIBIT 1

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST**

**SET OF INTERROGATORIES TO PLAINTIFF**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIN S. CHHAN,                              )
                                           )
            Plaintiff,                     )
                                           )
                                           )
      v.                                   )      Civ. No.:  1:07cv01180 (HHK)
                                           )
                                           )
HILTON HOTELS CORPORATION,                 )
                                           )
                                           )
            Defendant.                     )
                                           )

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

State your full name, current address, all addresses for the past ten years, date of

birth, place of birth, marital status, citizenship, immigration status, driver's license

number, and social security number.

RESPONSE:  Kin San Chhan, 6404 Gildar St., Alexandria, VA 22310;  I have

lived at this address for more than 10 years; dob is 7/16/59;  Battambang, Cambodia;

single;  U.S. citizen; N/A, driver's license # is  T61467919, VA license;  SSN 075-64-

5746



Exhibit

BROWN & GALLO

1

**INTERROGATORY NO. 2:**

Identify all persons who assisted you in the preparation of the answers to these interrogatories and all sources of information, including all documents or persons consulted or relied upon in the preparation of these answers.

RESPONSE:   My attorney, listed below and my brother Feung San Chhan.

**INTERROGATORY NO. 3:**

Identify each person known to have knowledge of facts or matters relating to any allegation in the complaint or that support, evidence, prove or relate to your contentions in this litigation and for each such person include a detailed description of the facts known to that person.

1. Feung San Chhan--Was present during the 7/19/06 incident and witnessed coworker Herman Vasquez call me derogatory names as I was entering the kitchen that day and Mr. Vasquez had frequently called me thief, "maricon" and similar derogatory names prior to that.

2. Mustafa Aboulhouda--Coworker who also entered kitchen with my brother and should have heard same provocative comment;  he was also present when Vasquez and others made provocative derogatory remarks to me.

3. Rosa  Rosario was said to have been involved in reporting me to human resources, so she may have some information that is relevant.

4. James Hunt, retired but occasionally still works for various events, also witnessed Mr. Vasquez frequently refer to me as being a gay, not having a girlfriend,

eating too much, etc. He was not working 7/19/06, but knows of many other occasions where Mr. Vasquez made similar remarks.

5. Greg Hinds, Supervisor of Banquet, is familiar with employees and supervisors who were treated much more favorably, even after committing very serious offenses, including a recent incident involving a beverage department manager (Michael Mintz) being found drunk by a security guard on premises to the point he could not walk and got into a fight with the security guard.

6. Charlie Ragusa, Senior Team Captain, was not terminated despite getting into a physical altercation with another manager, Mr. Atla Akililu, to the point where he was observed choking Mr. Akililu.

**INTERROGATORY NO. 4:**

Identify each and every educational institution attended or programs of study in which you participated for any purpose whatsoever, and state the dates of attendance, whether you received a degree, certificate or similar accreditation, and the nature and the date of the degree, certificate or similar accreditation.

RESPONSE: I finished Chinese Junior High School (Ming Chung Junior High School, unclear about spelling because done in Chinese Characters). Attended this school from 1967 through 1973. Received a certificate at the time, but has been lost. Unable to get another certificate because this was during the Communist takeover and all records were destroyed.

## INTERROGATORY NO. 5:

Provide the names and addresses of all your employers for the past ten years and the dates and the nature of your employment by each such employer, including job title, job duties and responsibilities, salary or wage rate, name of supervisor, and the reason for leaving such employment.

RESPONSE:   Hilton Washington was my employer for the past 23 years.

## INTERROGATORY NO. 6:

State whether you have obtained statements, reports, memoranda, affidavits, or recordings from any person that in any way concern the facts of the case or the matters alleged in your complaint.  If your answer is in the affirmative, identify the author of each such statement, report, memorandum, affidavit, or recording; the person or persons to whom the statement, report, memorandum, affidavit, or recording was issued, distributed, or otherwise produced; the present location of each such statement, report, memorandum, affidavit, or recording; and the date each statement, report, memorandum, affidavit, or recording was prepared.

RESPONSE:   I have not obtained any statements, although my attorney has talked to several Hilton Washington employees.

**INTERROGATORY NO. 7:**

Name all experts you have retained or specially employed to provide expert testimony in this case.

RESPONSE:   I am not planning to call an expert.

**INTERROGATORY NO. 8:**

State the subject matter on which an expert whom you propose to call as a witness at trial will testify, including the substance of all facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

RESPONSE:  Not applicable.

**INTERROGATORY NO. 9:**

Describe in detail each job or position you held for the entire period of your employment with Hilton, including job title, job duties and responsibilities, and rates of pay, and any other compensation or remuneration received in connection with each job or position, and any other benefits you received in connection with each job or position.

RESPONSE:   I started as a restaurant busperson in 3/13/83 and three years later was promoted to restaurant waiter.   Worked for about 9 years as restaurant waiter and then promoted to banquet waiter in 1995.   I have worked in that capacity till my termination.

## INTERROGATORY NO. 10:

Identify each supervisor or manager who supervised the work that you performed during your employment with Hilton and each employee who at any time reported to you or whom you supervised during your employment with Hilton, and describe your employment relationship with each.

RESPONSE: Restaurant Manager William (first name can't recall) first 2 years of employment; Pat Skeens was Assistant Manager under William until 1995; Banquet Manager Jorge Pulle assigned me to the Banquet Server position in 1995 until his retirement in 2003; Assistant banquet manager, Richard Andrekanic (from 1995 to approx 2000); Assistant banquet manager Oscar Zan (phonetic) from 2000 to 2003); Banquet Manager Kevin O'Shea (2003 to termination); Assistant banquet manager Chuck Atkins (2004 to termination); Banquet Captain Charlie Ragusa (from 1995 to termination; Annie Adam (1995 to termination); Greg Hinds (1995 to termination) Lolo Villagomez (1995 to termination) David Vagar (1995 to termination); Angelica Rojos (1995 to termination).

## INTERROGATORY NO. 11:

Identify all persons referred to as "coworkers" and "employees doing the taunting" in paragraph 8 of the complaint.

RESPONSE: Hernan Vasquez on 7/19/06. Charley Ragusa would call me "cheap Chinese", "lazy Chinese", he would call me "fried lice" or "egg loll". David Vagar would call me "Chino", "lazy Chinese", "dumby" "like a kid, a dumby".

**INTERROGATORY NO. 12:**

Identify all persons who you know or have reason to believe witnessed the events described in paragraph 9 of the complaint.

RESPONSE: The only possible witnesses would be myself, Mr. Allame, my brother, Feung San Chhan and Captain Lolo Villagomez. Mr. Eroll Spence was Mr. Allame's boss and according to my brother, he was one urging Mr. Allame to calm down when he was later fussing about me having bothered him.

**INTERROGATORY NO. 13:**

Identify all persons referred to as "coworkers" in paragraph 10 of the complaint.

RESPONSE: Myself; my brother, Feung San Chhan, and Mustafa Aboulhouda, witnessed Mr. Vasquez making derogatory comments ("I hate this motherfucker"); I have identified other coworkers who made similar derogatory remarks in response to Interrogatory 11 above.

**INTERROGATORY NO. 14:**

Identify all persons who you know or have reason to believe witnessed the events described in paragraph 12 of the complaint.

RESPONSE: My brother and Mr. Mustafa Aboulhouda are the only witnesses that I know of regarding this event of Mr. Vasquez making the remark as we were entering the kitchen together.

**INTERROGATORY NO. 15:**

Identify all persons referred to as "other employees" in paragraph 13 of the complaint.

RESPONSE: Mr. Hernán Vasquez and the others identified in response to Interrog 11 above who repeatedly sought to provoke me by using belittling remarks to me.

## INTERROGATORY NO. 16:

Identify the "newly hired employee" referred to in paragraph 15 of the complaint.

RESPONSE: I don't know for sure that anybody was hired on a permanent basis. However, my position would still be filled by backup waiters, all but one of who are non-Chinese.

## INTERROGATORY NO. 17:

Identify each job or prospective job, temporary or permanent, full-time or part-time, whether an employee, independent contractor or self-employed, that you applied for during the time period from July 26, 2006 to the present, and for each job or prospective job state whether an offer of employment was made, whether the offer was accepted by you and, if not, all reasons why you declined the offer.

RESPONSE: I am providing a list herewith of the places and dates that I applied for work.

**INTERROGATORY NO. 18:**

State whether you have been a party or given sworn testimony in any other litigation. If your answer is in the affirmative, identify each lawsuit in which you have been a party or given sworn testimony, including: the court, the style of the case, the case number, all parties involved and the names and phone numbers of the attorneys involved (if you were a party, state the outcome of the litigation), and identify all related documents.

RESPONSE: I only gave testimony during my unemployment hearing, and I was awarded benefits following the hearing.

**INTERROGATORY NO. 20[sic, because was not a 19]:**

Identify each and every instance in which you have been arrested for or convicted of any offense other than a minor traffic violation, including but not limited to the nature of the charge, the allegations, the date, the state in which the arrest or conviction occurred, and the outcome, and identify all related documents.

RESPONSE: I have never been arrested for anything but minor traffic violations.

**INTERROGATORY NO. 21:**

Describe with specificity the factual basis for, and itemize the precise amount of, any damages you claim to have suffered as a result of any alleged acts or omissions engaged in by Defendant. Your description should include each element of damage or

component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and the source of each number used in the calculation.

RESPONSE:  I am losing about $60,000 -$65,000 per year from being terminated by the Hilton, plus whatever the value of my benefits.  I have earned about $9034 working in positions since my termination.    I have therefore lost approximately $75,000 to date, plus the value of health and pension and other benefits.

I am claiming $100,000 in compensatory damages, for the tremendous amount of pain, suffering and humiliation I was subjected to by my termination.

I am claiming reasonable attorneys fees and costs,  approximately $15,000 to date and continuing to rise.

**INTERROGATORY NO. 22:**

Identify each doctor, medical or health care provider, social worker or other mental health professional with whom you have consulted in connection with any anxiety, depression, humiliation, loss of self esteem or any other injuries you allege to have experienced as a result of the conduct alleged in the complaint, and for each such person identify the date or dates upon which you visited that person, the address of that person, the specialty or type of practice of that person, the reason you visited each person, the diagnosis, any treatment prescribed, and the prognosis.

RESPONSE:     I have been treated by Paul Fedio, Ph.D, Clinical Neuropsychology, 9408 Raintree Road, Burke, VA 22015.  703-426-7246 for medical

and psychological testing and help.   He recommended further psychotherapy, but I lost my insurance benefits and only was able to afford continuing COBRA for 2 months.

## INTERROGATORY NO. 23:

State   whether   you   applied   for   unemployment   compensation,   workers' compensation benefits or any other disability benefits before, during, or after the end of your employment with Hilton.  If so, identify each agency, the date of the application, the amount of the benefit paid, and the period of time the benefit was paid.

RESPONSE:  I did apply for unemployment benefits from the DC Office of Employment Services shortly after my termination and was awarded benefits.   I believe that I received about $13, 005 in benefits following my termination.   I have not applied for any workers compensation benefits or disability benefits.

I have carefully reviewed the above responses to interrogatories and swear that my answers are true and correct under penalty of perjury.

_Kin San Chhan_

Kin San Chhan      August 30, 2007

Respectfully submitted,

_James Kestell_   e-sei-e7

FOR THE PLAINTIFF,
James L. Kestell  DC 955310

11

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing responses on counsel for the

defendant at the following address this date by regular, first class mail.

> John M. Remy (D.C. Bar No.461244)
> Kara M. Ariail (D.C. Bar No.478718)
> 8614 Westwood Center Drive; Suite 250
> Vienna, Virginia 22182

# KIN CHHAN DEPOSITION

# EXHIBIT 6

### PARTICIPATION FORM

### HARRASSMENT-FREE WORKPLACE AND

### PERSONAL RELATIONSHIPS IN THE WORKPLACE POLICIES



## Hilton

**The Road to a Harassment-Free Workplace**

# PARTICIPATION FORM

**Directions:**
Please read and fill out this page, then give it to the Leader(s) before the end of the training program.

I, <u>KIN CHHAN</u> participated in the company's training program on <u>10-31-05</u>
(Print Name)                                                                                              (Date)

X _KinSanChhan_
Signature of Participant

X _KIN CHHAN_
(Print Name: First, Middle Initial, Last)

_____
Employee No. (if applicable)

_BANQuet_
Employee Title (if applicable)

# HARASSMENT-FREE WORKPLACE AND PERSONAL RELATIONSHIPS IN THE WORKPLACE POLICIES

I acknowledge that I have been given a copy of the Hilton Hotels Corporation Sexual and Other Harassment Policy. I have read it, I understand its terms and procedures, and I have no questions about it. Furthermore, I agree to abide by it, and I understand that if Hilton Hotels Corporation determines my conduct so warrants it, I may be subject to discipline pursuant to the Policy including the immediate termination of my employment.

X _KinSanChhan_
Signature of Participant

X _KIN CHHAN_
(Print Name: First, Middle Initial, Last)

_____
Employee No. (if applicable)

_____
Employee Title (if applicable)



## Hilton



Exhibit 10/20/09
BROWN & GALLO INC

**Company: Hilton Hotels Corporation**

Date: _____

(13)

HHC-0098

# KIN CHHAN DEPOSITION

## EXHIBIT 7

### TEAM MEMBER COUNSELING FORM

**03/05/06**



Exhibit
7
BROWN & GALLO
INC

# TEAM MEMBER COUNSELING FORM

**Hilton Washington**

Team Member Name: _Kin Chhan_

Department/Position: _Server / Banquet_          Date of Incident: _3-5-06_

## PRIOR COUNSELING

| INCIDENT | ACTION TAKEN | DATE |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## NATURE OF INCIDENT

The above mentioned team member has displayed the following misconduct and has been warned that this misconduct will be entered in his/her Personnel File.

[ ] Leaving Work without Permission
[✓] Violation of Hotel Policies & Procedures/Department Rules/Safety Rules
[ ] Refusal to Carry Out Supervisor's Instructions
[ ] Irregular Attendance
  (Specify number of absences within past 18 months _____)
[ ] Frequent Tardiness
[ ] Poor Service

[ ] Performance Below Standards
[ ] Discourtesy Towards a Guest
[ ] Discourtesy Towards a Fellow Team Member
  (Mention other team member below)
[ ] Attitude
[ ] Other _____

Explanation (Be specific. Include dates, what policy was not followed, and state exactly where, when, what, etc.):
_On March 5, 2006, Mustafa was requested to get table cloths for the function in the ballroom by Spence Colo informed Mustafa that the function was banquet dept's responsibility. When Colo & Mustafa returned to the ballroom, Mustafa & Colo stated that Kin made the statement "I want to kick your m-f ass" to Mustafa._

## ACTION TAKEN

[ ] Verbal    [ ] Written    [✓] Suspension (check all that apply):    [ ] 1 day    [ ] 3 day    [✓] 5 day
Suspension Date: _3-6-06_ Return to Work Date _3-11-06_ [✓] Pending Investigation

Plan for future to avoid similar problem:
_This is a violation of our Violence in the Workplace Policy. Kin denied making the statement._

Any further violations of hotel policies and procedures will lead to further disciplinary action, up to and including termination.

_3-10: Suspension pending converted to_
This matter was discussed with the above team member on (date): _____
_5-day suspension. Reviewed w/ team member. RDS_

## TEAM MEMBER COMMENTS

_____

HHC-0132

## SIGNATURES

| | | Date: |
|---|---|---|
| Team Member: | _Refused to sign_ | _3-6-06_ |
| Supervisor: | _____ | _3-6-06_ |
| Witness (if applicable): | _____ | _3-6-06_ |
| Human Resources: | _Del Hewett_ | _3-6-06_ |

_Team leader - During Roux_